UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRVIN CHAVEZ,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>LEANNA LUNDY,<br><br>　　　　Defendant. | Case No. 24-cv-06491-SVK<br><br>**ORDER TO SHOW CAUSE AND DISMISSING CLAIMS WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Petitioner, a state prisoner at the California State Prison, Los Angeles County, filed a petition for writ of *habeas corpus* under 28 U.S.C. Section 2254. *See* Dkt. 1 (the "Petition"). He has paid the filing fee and has consented to the jurisdiction of a magistrate judge. *See* Dkt. 5. He has also filed a motion to stay the proceedings in this action. *See* Dkt. 2 (the "Motion"). For the reasons stated below, the Court orders Respondent to show cause why the Court should not grant the Motion.

## I.　BACKGROUND

In 2020, Petitioner was convicted and sentenced "to 29 years and four months consecutive to 15 years to life in prison" in the California Superior Court for the County of Santa Cruz under California Penal Code Sections 245, 246, 664 and 26100. *See* Petition at ECF Pages 2-3. He pursued an appeal in the California Court of Appeal, and that court "remanded for resentencing but otherwise affirmed Petitioner's judgment in all relevant respects." *See id.* at ECF Page 3. He then pursued an appeal in the California Supreme Court, and that court denied review. *See id.* at ECF Pages 3-4. He commenced this action on September 16, 2024.

///

///

///

## II. LEGAL STANDARD

A district court may entertain a petition for writ of *habeas corpus* "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a); *see also Rose v. Hodges*, 423 U.S. 19, 21 (1975). It "shall . . . award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." *See* 28 U.S.C. § 2243.

## III. DISCUSSION

Petitioner seeks reversal of his conviction on six grounds:

1. His Fifth, Sixth and Fourteenth Amendment rights were violated when the superior court continued the trial for 96 days "after the People presented the bulk of their case." *See* Petition at ECF Page 16.

2. His Fifth, Sixth and Fourteenth Amendment rights were violated when the superior court "erroneously admitted highly prejudicial and irrelevant gang evidence." *See id.* at ECF Pages 16-17.

3. His Fifth, Sixth and Fourteenth Amendment rights were violated when the superior court "erroneously admitted Petitioner's jail calls as adoptive admissions." *See id.* at ECF Page 17.

4. His Fifth, Sixth and Fourteenth Amendment rights were violated when the superior court "erroneously permitted the People's expert to opine that Petitioner[, on a phone call,] was referring to the gun used in this case" when he used the terms "it" and "television." *See id.* at ECF Pages 10-12, 17-18.

5. His Fifth, Sixth and Fourteenth Amendment rights were violated "due to trial counsel's ineffectiveness." *See id.* at ECF Page 18.

6. His Fifth, Sixth and Fourteenth Amendment rights were violated "due to prosecutorial misconduct." *See id.* at ECF Pages 18-19.

A lengthy recess of trial proceedings may violate a right to due process. *See, e.g., United States v. Hay*, 122 F.3d 1233, 1235-36 (9th Cir. 1997). The admission of evidence that will result in no permissible inference also violates the right to due process. *See Jammal v. Van de Kamp*,

926 F.2d 918, 920 (9th Cir. 1991).  Likewise, introduction of an adoptive admission may violate the right to remain silent where a criminal defendant knew, at the time of the conversation in question, "that the government could be monitoring his conversation."  *See Franklin v. Duncan*, 884 F. Supp. 1435, 1447-48 (N.D. Cal. Apr. 4, 1995), *aff'd*, 70 F.3d 75 (9th Cir. 1995).  Thus, when liberally construed, the first three claims of the Petition present cognizable claims for the violation of Petitioner's federal constitutional rights and for federal *habeas corpus* relief.

The remaining three claims, however, do not present cognizable claims for relief.

**With respect to claim four**, Petitioner relies on authority for the propositions that, under federal law, only juries, and not experts, may:  (1) render credibility determinations; and (2) opine on a criminal defendant's guilt.  *See* Petition at ECF Page 63.  But those general principles do not lead to the conclusion that the expert here improperly opined that Petitioner was referring to a gun when he used the terms "it" and "television" on a phone call.  Further, those principles apply in federal court as rules of evidence and procedure, and the authorities on which Petitioner relies do not purport to announce constitutional or statutory mandates that bound the superior court here. *See United States v. Young*, 470 U.S. 1, 6-20 (1985) (evaluating "plain error" under Federal Rule of Criminal Procedure 52(b)); *Goldman v. United States*, 245 U.S. 474, 477 (1918) (stating generally that "questions of credibility and weight of evidence" reside within "province of the jury" without referring to any constitutional or statutory source of authority for proposition). Petitioner also relies on authorities concerning the requirements of California law (*see* Petition at ECF Pages 63-64), but the Court may not award *habeas corpus* relief under Section 2254 based on violations of state law.  *See Walden v. Shinn*, 990 F.3d 1183, 1198 n.5 (9th Cir. 2021).

**With respect to claims five and six**, Petitioner admits that he has not yet exhausted his state-court remedies.  *See* Petition at ECF Page 36.  The Court, therefore, may not award *habeas corpus* relief on these grounds.[1]  *See* 28 U.S.C. § 2254(b)(1)(A) (petitioners must "exhaust[] the remedies available in the courts of the State" before a court may grant *habeas corpus* relief).

---

[1] The Court recognizes that this failure to exhaust serves as the basis for the Motion and that Petitioner may eventually replead claims five and six following exhaustion.

## IV. CONCLUSION

1. The Clerk shall serve electronically a copy of this Order, the Motion and a magistrate-judge-consent form upon Respondent and Respondent's attorney, the Attorney General of the State of California, at the following email address: SFAWTParalegals@doj.ca.gov. The Petition and Motion are available via the Electronic Case Filing System for the United States District Court for the Northern District of California.

2. Respondent shall complete and file a magistrate-judge-consent form by no later than **November 4, 2024**.

3. Respondent shall file with the Court and serve on Petitioner, on or before **December 3, 2024**, a response to the Motion, and Petitioner shall file with the Court and serve on Respondent, on or before **December 17, 2024**, a reply. The Court will schedule a hearing on the Motion if necessary.

4. Claims four, five and six are **DISMISSED WITHOUT PREJUDICE**. Petitioner shall file an amended petition by **November 4, 2024**. In his amended petition, Petitioner should: (1) omit the unexhausted claims five and six; and (2) either correct the deficiencies identified above concerning claim four or omit claim four.

5. The Court will set a schedule for Respondent to respond to the amended petition as appropriate following resolution of the Motion.

**SO ORDERED.**

Dated: October 4, 2024

SUSAN VAN KEULEN
United States Magistrate Judge